IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ALEXEIS DAVID MATUTE,**

    Petitioner,

    v.                                                       No. 2:25-cv-01158-SMD-DLM

**PAMELA BONDI,** *et al.*,

    Respondents.

## ORDER

THIS MATTER is before the Court on Petitioner Alexeis David Matute's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, the Petition is GRANTED.

## BACKGROUND

Petitioner is a native and citizen of Cuba, who was admitted to the United States and later adjusted to lawful permanent resident status in July 2006. Doc. 1 at 3. In February 2012, Petitioner was convicted of using or attempting to use one or more unauthorized access devices under 18 U.S.C. § 1029(a)(2), (b)(1), and aggravated identity theft under 18 U.S.C. § 1028A(a)(1). *Id.* The Department of Homeland Security ("DHS") subsequently found him deportable pursuant to INA § 237(a)(2)(A)(iii), conviction of an aggravated felony after admission, and the Immigration Judge granted DHS's motion for a stipulated removal. *Id.* Petitioner was ordered removed to Cuba. *Id.* Since December 2014, Petitioner has been under an order of supervision, and prior to June 2025, Petitioner had been checking in with Immigrations and Customs Enforcement ("ICE") in Miramar,

Florida for 11 years.  *Id.*  Petitioner has been in ICE custody since June 2025 and is currently held at Otero County Detention Facility in Chaparral, New Mexico.  *Id.* at 1.

## LEGAL STANDARD

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available under § 2241 if a noncitizen's detention "violat[es] the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## DISCUSSION

Under 8 U.S.C. § 1231(a)(1), the government has a 90-day period—called the "removal period"—in which to remove an alien after a removal order becomes final.  If the government is unable to effect removal within the 90-day removal period, continued detention becomes discretionary.  8 U.S.C. § 1231(a)(6).  That discretion, however, is not unfettered and indefinite detention is not permitted.  *Zadvydas*, 533 U.S. at 689 ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700–01.  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701.  "[F]or the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months.  *Id.*  After this 6-month period, if

the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.  *Id.*  If the Government can establish a significant likelihood of removal in the reasonably foreseeable future, detention is lawful. Otherwise, the Government can keep tabs on the noncitizen through reasonable conditions of supervision while it continues removal efforts.

Petitioner has been in custody since June 2025, and the six-month period for presumptively reasonable detention has expired.  Petitioner asserts that he cannot presently be returned to Cuba, because the government of Cuba historically has not accepted detainees with criminal records, and that there is no indication that this policy has changed.  *See* Doc. 1 at 3–4.  He further alleges that ICE has not obtained any travel documents for him, and that Cuba has not agreed to accept Petitioner.  *Id.* at 4.  The Petition identifies Mexico as a potential third country where ICE might attempt to remove Petitioner, but the record does not reflect any ongoing efforts to remove Petitioner specifically to Mexico or any other third country.

On January 27, 2026, the Court entered an Order to Answer directing Respondents to answer the Petition within seven days.  Doc. 4.  On January 29, 2026, the Clerk of Court delivered a copy of the Order to Answer, along with the Petition, to USANM.Civil.Immigration@usdoj.gov. On February 2, 2026, Petitioner's counsel filed return of service on summons to the Respondents and indicated that summons were served on Pamela Bondi, in her official capacity as Attorney General, on Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security in December 2025, and on Warden of Otero County ICE Processing Center.  *See* Doc. 5, Doc. 5-1, Doc. 5-2.  On February 9, 2025, Respondent Dora Castro, in her official capacity as Warden of Otero County Detention Center, appeared in the case and filed a notice that she joins

any positions the federal Respondents—i.e., Pamela Bondi, Kristi Noem, and Corey Price, in his official capacity as Field Office Director, ICE Albuquerque Field Office—may take. *See* Doc. 7.

As of the date of this Order, however, the federal Respondents have not appeared in this case, answered the Petition, or disputed any of the factual allegations. Respondents have not provided any information on their attempts to obtain travel documents to remove Petitioner to Cuba, attempts to remove Petitioner to a third country, or any other removal efforts. Respondents cannot dispute that the Government has been unable to remove Petitioner to Cuba since he was ordered removed over ten years ago, and have not provided a legal basis for Petitioner's continued detention. Petitioner is therefore entitled to relief pursuant to § 2241.

## CONCLUSION

The Court finds no significant likelihood that Petitioner will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*, and he remains subject to the terms of the order of supervision that was in effect at the time of his arrest on in June 2025. Accordingly, is hereby ORDERED:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is granted.

2) Respondents shall release Petitioner within 72 hours of the entry of this Order.

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected, and by providing identity documents sufficient to board a domestic flight to return to Florida.

4) Respondents shall file a notice of compliance within 24 hours of Petitioner's release and notify the Court of the date, time, and manner of Petitioner's release.

5) Respondents are enjoined from re-detaining Petitioner or revoking Petitioner's order of supervision without providing Petitioner with timely notice of the grounds for revocation and an opportunity to respond.

6) Respondents are enjoined from removing or seeking to remove Petitioner to any third country without providing Petitioner with timely notice and meaningful opportunity to respond in a reopened removal proceeding before an Immigration Judge.

7) Respondents are further enjoined from re-detaining Petitioner for removal to Cuba or any third country until they have obtained the necessary travel documents to remove Petitioner to that country.

8) The Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is denied as moot.

9) The Motion to Show Cause Why the Writ Should Not Be Granted (Doc. 8) is denied as moot.

10) The Clerk of Court shall enter judgment accordingly and close this case.

_____
**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**